# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| MAISHA M BELL | § | Case No. 18-11356 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 04/18/2018. The undersigned trustee was appointed on 04/18/2018.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $    9,055.52

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 20.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 2,650.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 6,385.52 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 09/13/2018 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,390.55 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,390.55 , for a total compensation of $ 1,390.55 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/29/2018                    By: /s/KAREN R. GOODMAN
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 18-11356 | JPC | Judge: | Jacqueline P. Cox | Trustee Name: | KAREN R. GOODMAN |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | MAISHA M BELL | | | | Date Filed (f) or Converted (c): | 04/18/2018 (f) |
| | | | | | 341(a) Meeting Date: | 06/06/2018 |
| For Period Ending: | 10/29/2018 | | | | Claims Bar Date: | 09/13/2018 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2017 Tax Refund (u) | 9,921.00 | 9,921.00 | | 9,055.52 | FA |
| 2. 2016 Nissan Infiniti | 30,000.00 | 24,950.00 | | 0.00 | FA |
| 3. Household Goods & Furniture | 600.00 | 0.00 | | 0.00 | FA |
| 4. Electronics | 400.00 | 0.00 | | 0.00 | FA |
| 5. Clothes | 400.00 | 0.00 | | 0.00 | FA |
| 6. Jewelry | 25.00 | 0.00 | | 0.00 | FA |
| 7. CASH | 125.00 | 0.00 | | 0.00 | FA |
| 8. Deposits of money--Credit Union Checking Account | 200.00 | 0.00 | | 0.00 | FA |
| 9. Retirement Account with Employer | 17,000.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $58,671.00 | $34,871.00 | | $9,055.52 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

9/30/18: Awaiting amendment of claim for car to unsecured in amount of deficiency after sale by Nissan; file TFR.

RE PROP # 1 -- The tax refund was originally unscheduled. Although it was scheduled in the amended schedules, part of the exemption claimed by the Debtor in the amount of $5200 was challenged by the Trustee and the Debtor eventually filed an Amended Schedule C removing $2550 of the exemption, leaving a valid exemption of $2650.

RE PROP # 2 -- Although Debtor did not schedule a lien on her original schedules, Nissan filed a secured claim in the amount of $43,098.08. The vehicle was returned and sold by Nissan and its claim was amended to an unsecured claim in the amount of $42,551.55 on 10/12/18. On Debtor's Amended Schedules filed on 6/21/18 she indicated that she did not own a car.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No: 18-11356 | Trustee Name: KAREN R. GOODMAN |
| Case Name: MAISHA M BELL | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX3854 |
| | Checking |
| Taxpayer ID No: XX-XXX2602 | Blanket Bond (per case limit): $54,646,000.00 |
| For Period Ending: 10/29/2018 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/22/18 | 1 | United States Treasury | 2017 Tax Refund (including $147.63 interest) | 1224-000 | $9,055.52 | | $9,055.52 |
| 08/30/18 | 101 | Maisha Bell<br>7825 South Bennett Avenue, Apt. 2<br>Chicago, Illinois 60649 | Wildcard exemption | 8100-002 | | $2,650.00 | $6,405.52 |
| 09/10/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,395.52 |
| 10/05/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $6,385.52 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $9,055.52 | $2,670.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $9,055.52 | $2,670.00 |
| Less: Payments to Debtors | $0.00 | $2,650.00 |
| Net | $9,055.52 | $20.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                         Page Subtotals:    $9,055.52    $2,670.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3854 - Checking | $9,055.52 | $20.00 | $6,385.52 |
|  | $9,055.52 | $20.00 | $6,385.52 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $9,055.52 |
| Total Gross Receipts: | $9,055.52 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 18-11356  
Debtor Name: MAISHA M BELL  
Claims Bar Date: 9/13/2018  

Date: October 30, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | KAREN R. GOODMAN<br>Taft Stettinius & Hollister, LLP<br>kgoodman@taftlaw.com | Administrative | | $0.00 | $1,390.55 | $1,390.55 |
| 2P 280 5800 | DEPARTMENT OF TREASURY-<br>INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | Priority | | $0.00 | $1,007.29 | $1,007.29 |
| 1 300 7100 | PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>SUCCESSOR TO GE CAPITAL<br>RETAIL BANK<br>(JC PENNEY CREDIT CARD)<br>POB 41067<br>NORFOLK, VA 23541 | Unsecured | | $0.00 | $504.93 | $504.93 |
| 2U 300 7100 | Dept of Treasury/IRS | Unsecured | | $0.00 | $289.49 | $289.49 |
| 3 300 7100 | QUANTUM3 GROUP LLC AS<br>AGENT FOR<br>MOMA FUNDING LLC<br>PO BOX 788<br>KIRKLAND, WA 98083-0788 | Unsecured | | $0.00 | $1,296.42 | $1,296.42 |
| 4 300 7100 | T MOBILE/T-MOBILE USA INC<br>BY AMERICAN INFOSOURCE<br>AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK 73118 | Unsecured | | $0.00 | $1,288.44 | $1,288.44 |
| 5 300 7100 | DIRECTV, LLC<br>BY AMERICAN INFOSOURCE<br>AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK 73118 | Unsecured | | $0.00 | $87.64 | $87.64 |
| 6 300 7100 | NISSAN MOTOR ACCEPTANCE<br>POB 660366<br>DALLAS. TX 75266-0366 | Unsecured | | $0.00 | $19,623.83 | $19,623.83 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 18-11356  
Debtor Name: MAISHA M BELL  
Claims Bar Date: 9/13/2018  

Date: October 30, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 7 | NISSAN MOTOR ACCEPTANCE | Unsecured | | $0.00 | $19,623.83 | $0.00 |
| 300 | POB 660366 | | | | | |
| 7100 | DALLAS. TX 75266-0366 | | Claim Withdrawn on 10/18/18, the same date it was filed. | | | |
| | Case Totals | | | $0.00 | $45,112.42 | $25,488.59 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 18-11356  
Case Name: MAISHA M BELL  
Trustee Name: KAREN R. GOODMAN  

      Balance on hand        $     6,385.52

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: KAREN R. GOODMAN | $ 1,390.55 | $ 0.00 | $ 1,390.55 |

Total to be paid for chapter 7 administrative expenses     $    1,390.55  
Remaining Balance     $    4,994.97

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 1,007.29 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2P | DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE | $ 1,007.29 | $ 0.00 | $ 1,007.29 |

UST Form 101-7-TFR (5/1/2011) *(Page: 9)*

| | Total to be paid to priority creditors | $ 1,007.29 |
|---|---|---|
| | Remaining Balance | $ 3,987.68 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 23,090.75 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 17.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | PORTFOLIO RECOVERY ASSOCIATES, LLC | $ 504.93 | $ 0.00 | $ 87.20 |
| 2U | Dept of Treasury/IRS | $ 289.49 | $ 0.00 | $ 49.99 |
| 3 | QUANTUM3 GROUP LLC AS AGENT FOR | $ 1,296.42 | $ 0.00 | $ 223.89 |
| 4 | T MOBILE/T-MOBILE USA INC | $ 1,288.44 | $ 0.00 | $ 222.51 |
| 5 | DIRECTV, LLC | $ 87.64 | $ 0.00 | $ 15.14 |
| 6 | NISSAN MOTOR ACCEPTANCE | $ 19,623.83 | $ 0.00 | $ 3,388.95 |

| | Total to be paid to timely general unsecured creditors | $ 3,987.68 |
|---|---|---|
| | Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE